UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAVERNE HENDERSON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 4:20 CV 1080 RWS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This closed case is before me on Laverne Henderson's motion for relief from final judgment under Federal Rule of Civil Procedure 60(b)(6). On May 10, 2019, Henderson pled guilty to one count of Possession With Intent to Distribute Cocaine and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime. [Docs. 47, 48, and 86 in Case number 4:19 CR 104 RWS]. On August 22, 2019, Henderson was sentenced to a total of 211 months' imprisonment, consisting of 151 months on Count 1 of the superseding indictment and 60 months on Count 3, to run consecutively. [Docs. 74, 82 in Case number 4:19 CR 104 RWS]. Henderson did not appeal. He filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 on August 14, 2020, which the Court denied without an evidentiary hearing or issuance of a

certificate of appealability on May 13, 2022. ECF 21, 22. Henderson sought a certificate of appealability from the Eighth Circuit Court of Appeals, but it was denied. ECF 29. The United States Supreme Court denied his petition for writ of certiorari on February 22, 2023. ECF 32. Now, more than two years later, Henderson asks me to reopen his closed § 2255 case on the grounds that I did not consider his "real" argument on his gun charge – namely that he was factually innocent of this crime.[1]

Under 28 U.S.C. § 2255, a federal prisoner may not file a second or successive § 2255 motion unless they receive prior authorization from "a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Federal prisoners cannot circumvent this statutory requirement by filing a second or successive § 2255 as a different type of motion. *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005). Here, Henderson filed his motion under Rule 60(b)(6), which provides relief from a final judgment, order, or proceeding under certain narrow circumstances. Fed. R. Civ. P. 60(b). Rule 60(b) applies in habeas proceedings, but a defendant cannot avoid the restrictions of § 2255(h) by

---

[1] Apparently Henderson now believes he cannot be guilty simply because drugs were found at two locations while his firearm was found at a third location. ECF 33 at 4. This, of course, ignores his admission in his plea agreement that "he possessed the firearm in furtherance of drug trafficking crimes, to-wit: possession with intent to distribute cocaine and conspiracy to distribute cocaine." [Doc 47 at 3 in Case Number 4:19 CR 104 RWS].

disguising a second or successive motion as a Rule 60(b) motion. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam). Thus, district courts must first determine whether the movant's Rule 60(b) motion amounts to a second or successive § 2255 motion. *Id.* A Rule 60(b) motion amounts to a second or successive § 2255 motion when it attacks a court's previous habeas ruling on the merits or raises "new claims for relief." *Rouse v. United States*, 14 F.4th 795, 799 (8th Cir. 2021) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005)). In contrast, a Rule 60(b) motion can provide relief when a defendant attacks "some defect in the integrity of the federal habeas proceedings." *Id.* (quoting *Gonzalez*, 545 U.S. at 532).

Henderson's present motion under Rule 60(b) amounts to a second or successive collateral attack under § 2255. Although he claims the Court committed procedural error by failing to consider his "real" claim, I did not. I specifically found that there was a factual basis for his plea. ECF 21 at 9-12. As Henderson is merely attacking my previous ruling on the merits, this motion qualifies as a second or successive § 2255 motion. *Rouse*, 14 F.4th at 799. The Court cannot grant Henderson any relief under Rule 60(b).

Accordingly, the Court views Henderson's motion as a second or successive § 2255 motion. Before a movant may file a second or successive §

2255 motion, he must first obtain authorization from the appropriate court of appeals. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Henderson has not received the required authorization from the Eighth Circuit Court of Appeals. Consequently, the Court is obligated to dismiss this motion for failure to obtain authorization from the Eighth Circuit.

An appeal cannot be taken to a court of appeals from a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing requires showing that an issue is "debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Here, the Court concludes that no issue raised is debatable among reasonable jurists. Therefore, Henderson has not made the substantial showing necessary for the issuance of a COA.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6) [33] is denied and dismissed as a second or successive habeas petition filed without the required

4

precertification by the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3).

**IT IS FURTHER ORDERED** that a certificate of appealability is denied as petitioner has not made a substantial showing of the denial of a federal constitutional right.

_/s/ Rodney W. Sippel_
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 5th day of May, 2025.